# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-0778V

|  |  |
|---|---|
| ANDREW EBERLING, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 27, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Adam Marc Raditz, I, Ginsberg & O'Connor, P.C., Cherry Hill, NJ, for Petitioner.*

*Julianna Rose Kob, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 18, 2022, Andrew Eberling filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a syncopal episode upon receiving a human papillomavirus vaccine on August 2, 2019, which resulted in a "closed nasal fracture and deviated septum with 85% obstruction," and lacerations to his face. Petition, ECF No. 1. On October 8, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $3,527.00 (representing $3,125.00 in fees plus $402.00 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 12, 2025, ECF No. 40. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses were incurred. ECF No. 40.

Respondent reacted to the motion on March 20, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 41. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests that I apply the hourly rate of $500.00 for all time billed by Adam M. Raditz in the 2022-24 timeframe. Mr. Raditz represents that he has been a licensed attorney in New Jersey since 1995 (ECF No. 40 at 2), and was admitted to this Court in January 2023. The requested rate is within the Vaccine Program's published ranges based on his overall experience, albeit on the highest end of the range. But Mr. Raditz does not have demonstrated Vaccine Act experience, with this matter being his first (and only) case to date in the Program. It is therefore improper for Mr. Raditz to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. And prior experience with Program cases is highly relevant to what hourly rate an attorney should receive. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, I find the rate of **$450.00 per hour for work performed in the 2022-24 timeframe** to be more appropriate for Mr. Raditz's work in the Vaccine Program. Application of the foregoing reduces the amount of fees to be awarded herein by **$312.50.**[3] Mr. Raditz will be eligible for higher rates in the future, however, as he demonstrates more experience representing Petitioners in the Program.

Petitioner has otherwise provided sufficient documentation for all claimed costs. ECF No. 40 at 2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $3,214.50 (representing $2,812.50 in fees plus $402.00 in**

---

[3] This amount is calculated as follows: ($500.00 - $450.00 = $50.00 x 6.25 hours billed by Mr. Raditz in this matter) = $312.50.

**costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]


**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.